E-FILED
Calvert Circuit Court
8/24/2018 12:09 PM

## IN THE CIRCUIT COURT FOR CALVERT COUNTY, MARYLAND

| | |
|---|---|
| **MARK L. BAUGHMAN** and | : |
| **LAURA M. BAUGHMAN,** his wife | |
| 4835 Linnean Avenue, NW | : |
| Washington, DC 20008 | |
| | : |
| and | |
| | : |
| **MARCUS A. FARBSTEIN** and | |
| **ROSE MARIE HUNZIKER,** his wife | : |
| 613 Langston Lane | |
| Falls Church, Virginia 22046 | : |
| | |
| *Plaintiffs* | : |
| | |
| v. | :   Case No.   C-04-CV-18-000385 |
| | |
| **TOWN COUNCIL OF** | : |
| **CHESAPEAKE BEACH, MARYLAND** | |
| 8200 Bayside Road | : |
| Chesapeake Beach, Maryland 20732 | |
| | : |
| **SERVE ON:** | |
| **Elisa D. Levan, Town Attorney** | : |
| **100 Light Street, Suite 1400** | |
| **Baltimore, Maryland 21202** | : |
| | |
| *Defendant* | : |

-------------------------------------------------------------------

### COMPLAINT FOR DECLARATORY JUDGMENT

COME NOW the Plaintiffs, **MARK L. BAUGHMAN** and **LAURA M. BAUGHMAN,** his wife (the "Baughmans") and **MARCUS A. FARBSTEIN and ROSE MAIRE HUNZIKER,** his wife (the "Farbsteins") by and through their attorneys, Denise M. Bowman, David C. Weigel, and Davis, Upton & Palumbo, LLC, and file this Complaint for Declaratory Judgment and in support thereof, state as follows:

1.   That the Baughmans, pursuant to a Deed dated October 21, 2011 and recorded among the Land Records of Calvert County, Maryland and Liber KPS 3814,

DAVIS UPTON
& PALUMBO, LLC
*Attorneys at Law*

132 Main Street
Prince Frederick, MD 20678
(410) 535-1780
(410) 535-3403 (fax)

**EXHIBIT 2**

Folio 318, are the owners of that parcel of real property known as all of lots numbered six (6), seven (7), and eight (8) in block numbered fifty-two (52) as shown on plaint numbered two (2) of said Town of Chesapeake Beach, the same being known as 7403 B Street (the "Baughman Property")..

2.       That the Farbsteins, pursuant to a Deed dated September 23, 2003 and recorded among the Land Records of Calvert County, Maryland and Liber KPS 2011, Folio 62, are the owners of that parcel of real property known as all of lot no. two (2) and the north one-half (1/2) of the lot no. 3, in block no. sixty (60), in the Town of Chesapeake Beach, as per plat thereof recorded among the land records of Calvert County in Plat Liber TBT 5, Folio 571, saving and excepting, however, therefrom three and one-half (3 ½) feet of said lot no. two (2), in block no. sixty (60) in the Town of Chesapeake Beach, as a aforesaid, which was granted and conveyed by Marcus A. Schuler and Mabel E. Schuler, his wife, unto Russel Edelin by deed dated August 31, 1954, the same  being known as 7515 B Street (the "Farbstein Property")..

3.       That Defendant Town Council of Chesapeake Beach, Maryland (hereinafter, "the Council"), pursuant to § 5-202 of the Local Government Article of the Annotated Code of Maryland, is authorized to pass such ordinances as it deems necessary to preserve peace and good order, to secure persons from danger and destruction and to protect the health, comfort, and convenience of the Town of Chesapeake Beach.

4.       That this Honorable Court has jurisdiction over the matter pursuant to §§ 1-501 and 3-403 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

DAVIS UPTON
& PALUMBO, LLC
Attorneys at Law

132 Main Street
Prince Frederick, MD 20678
(410) 535-1780
(410) 535-3403 (fax)

5.      That venue for this action is proper before this Honorable Court pursuant §
6-201(a) of the Courts and Judicial Proceedings Article of the Annotated Code of
Maryland.

6.      That on or about July 5, 2018, the Defendant passed Ordinance O-18-7
(Amended) (the "Ordinance").   In short, the Ordinance adds an entirely new article,
namely Article IV, "Construction on or Adjacent to Steep Slopes" to Chapter 110,
"Building Construction" of the Town Code. A true and correct copy of the Ordinance is
attached hereto and incorporated herein by reference as Exhibit A.

7.      That the Ordinance was passed in response to a series of sloughing or
sliding events which occurred over the past few months in which portions of the soil on the
hill between the Chesapeake Bay to the east and B Street to the west moved or collapsed.

8.      That upon information and belief, several, if not, all of the sloughing or
sliding events occurred in areas into which the Town of Chesapeake Beach had caused
surface water to flow as part of a stormwater management scheme.

9.      That the Baughman Property and the Farbstein Property are both "covered
lots" as that term is now defined in § 100-10.A. of Article IV of Chapter 110 of the Town
Code.

10.      That, in addition to other changes, the Ordinance added an Article IV,
"Construction on or Adjacent to Steep Slopes," § 110-13, "Connection to Stormwater
Drainage System" to Chapter 110, Building Construction" of the Town Code, which states
as follows:

A.      From and after July 1, 2018, all stormwater discharged
from a covered lot shall flow directly into the Town's stormwater
or drainage system, if stormwater facilities are available on public
property or in a public right of way abutting the covered lot.

DAVIS UPTON
& PALUMBO, LLC
Attorneys at Law

132 Main Street
Prince Frederick, MD 20678
(410) 535-1780
(410) 535-3403 (fax)

11.     That, in addition to other changes, the Ordinance added an Article IV,

"Construction on or Adjacent to Steep Slopes," § 110-14, "Maintenance Agreement

Required" to Chapter 110, "Building Construction" of the Town Code, which states as

follows:

> From and after June 1, 2018, no construction, reconstruction, or
> demolition, of a principle structure or a retaining wall, or grading,
> filling or other similar site disturbance or development, or use of
> land that requires a site plan may be commenced or continued on a
> covered lot until the property owner has recorded a declaration of
> covenants, in a form to be determined by the town, which
> covenants shall run with the land in perpetuity and contain
> provisions requiring the property owner to assume responsibility
> and liability for instability to or damage of the abutting slopes
> caused   by development on a covered lot or to which such
> development contributes, waiving and releasing the town from
> liability to damage to persons or property on the covered lot arising
> from of in connection with the instability, deterioration, sloughing,
> or sliding of the abutting slopes and holding the town harmless
> therefrom and that prohibit the property owner or his agents, guests
> or invitees from draining water or other substances across the
> slopes or dumping any trash, debris, yard waste, or other detritus
> over, across or down the slope.

12.     That, in addition to other changes, the Ordinance added an Article IV,

"Construction on or Adjacent to Steep Slopes," § 110-14,[1] "Violations and Penalties" to

Chapter 110, "Building Construction" of the Town Code, which states as follows:

A.     A violation of any provision or requirement of this article shall
constitute a municipal infraction and shall be punishable by a fine of $500
per occurrence.  Each day a violation exists shall constitute a separate
offense.

13.     That the Plaintiffs, in accordance with the Maryland Declaratory Judgment

Act, Annotated Code of Maryland, Courts and Judicial Proceedings Article § 3-401, *et*

DAVIS UPTON
& PALUMBO, LLC
*Attorneys at Law*

132 Main Street
Prince Frederick, MD 20678
(410) 535-1780
(410) 535-3403 (fax)

---

[1] Based on the language of the Ordinance, it appears that there are now two (2) § 110-14's in Article IV,
Chapter 110 of the Town Code, one entitled "Maintenance Agreement Required" and one entitled
"Violations and Penalties."

*seq.*, seek a declaration of their rights under the Ordinance to the extent it amended the Town Code by adding Article IV, "Construction on or Adjacent to Steep Slopes" to Chapter 110, "Building Construction" thereto.

14.     That the Plaintiffs have rights which are adversely affected by the Ordinance and there exists an actual, justiciable controversy relating to the validity of the Ordinance, as hereafter appears more fully.

15.     That the Ordinance is unlawful and invalid because it: a) is arbitrary and unlawful and contrary to Article 24 of the Maryland Declaration of Rights; b) violates the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution; and, c) is a retrospective law contrary to Article 17 of the Maryland Declaration of Rights.

16.     That the Ordinance bears no relation to the public health, morals, safety and welfare of the citizens and, as a result, is an unreasonable, arbitrary, and oppressive restriction on the Plaintiffs' respective property rights. Thus, the Ordinance constitutes an unconstitutional exercise of the Defendant's legislative authority and police powers, in violation of Article XI-A, § 3 of the Maryland Constitution and § 5-202 of the Local Government Article of the Annotated Code of Maryland.

17.     That for the reasons stated herein, an actual controversy exists between the parties hereto and it is necessary that this Court declare whether the Ordinance is valid, constitutional and legally enforceable.

WHEREFORE, Plaintiffs pray that this Honorable Court declare that Ordinance

DAVIS UPTON & PALUMBO, LLC
Attorneys at Law
132 Main Street
Prince Frederick, MD 20678
(410) 535-1788
(410) 535-3483 (fax)

O-18-7 (AMENDED, as it amended the Town Code of Chesapeake Beach is invalid, unconstitutional and unenforceable and that the Honorable Court grant Plaintiffs such other and further relief as the nature of their cause requires.

RESPECTFULLY SUBMITTED,

*/s/ Denise M. Bowman*
Denise M. Bowman
CPF# 901219001
DAVIS, UPTON & PALUMBO, LLC
132 Main Street
Prince Frederick, Maryland 20678
410-535-1780
410-535-3403 (fax)
dbowman@davisupton.com
*Counsel for Plaintiff*

*/s/ David C. Weigel*
David C. Weigel
CPF# 1012160255
DAVIS, UPTON & PALUMBO, LLC
132 Main Street
Prince Frederick, Maryland 20678
410-535-1780
410-535-3404 (fax)
dweigel@davisupton.com
*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE WITH MARYLAND RULE 20-201(f)(1)(b)

**I HEREBY CERTIFY** that the foregoing document complies with Maryland Rule 20-201(f)(1)(b) that the document does not contain any restricted information or, if it does contain restricted information, a redacted submission has been filed contemporaneously pursuant to Maryland Rule 20-201(f)(2).

*/s/ Denise M. Bowman*
Denise M. Bowman

Introduced _6-21-18_
Passed _7-5-18_
Effective _7-25-18_

## ORDINANCE O-18-7 (AMENDED)

**AN ORDINANCE OF THE TOWN COUNCIL OF CHESAPEAKE BEACH, MARYLAND, AMENDING CHAPTER 110, "BUILDING CONSTRUCTION", OF THE TOWN CODE TO ADD ARTICLE IV, "CONSTRUCTION ON OR ADJACENT TO STEEP SLOPES," SECTION 110-10, "DEFINITIONS"; SECTION 110-11, "GLOBAL STABILITY ANALYSIS, STORM DRAIN DISCHARGE, AND STORMWATER MANAGEMENT PLAN REQUIRED"; § 110-12, "CONNECTION TO TOWN SEWER SYSTEM REQUIRED"; SECTION 110-13, "CONNECTION TO TOWN STORM DRAINAGE SYSTEM REQUIRED"; SECTION 110-14, "MAINTENANCE AGREEMENT REQUIRED"; AND SECION 110-15, "VIOLATIONS AND PENALTIES".**

**WHEREAS,** Chesapeake Beach (the "Town") is a municipal corporation of the State of Maryland, organized and operating in accordance with Article XI-E of the Constitution of Maryland and Md. Code Ann., Local Government Article, Title 4; and

**WHEREAS,** pursuant to Md. Code Ann., Local Gov't Art. ("LG"), § 5-202, "General Authority of Municipalities", the Town Council has the authority to pass such ordinances as it deems necessary to preserve peace and good order, to secure persons from danger and destruction and to protect the health, comfort and convenience of the residents of the municipality; and

**WHEREAS,** pursuant to LG § 5-211(a), the Town has the specific authority to make reasonable regulations concerning buildings and signs to be erected within the limits of the Town, including a building code and the requirement for building permits; and

**WHEREAS,** pursuant to LG § 5-209, the Town has the specific authority to prevent and remove nuisances; and

**WHEREAS,** pursuant to the aforementioned authority, the Town has enacted Chapter 110, "Building Construction", of the Town Code and



EXHIBIT
A

**WHEREAS**, the Town Council has determined that the public interest will be served by reducing the risk of property damage to structures built on or adjacent to steep slopes that may be impacted by movement or collapse of such slopes and the risk of personal injury or death as a consequence of such movement or collapse; and

**WHEREAS**, the Town Council has further determined that that one means of reducing the aforementioned risk to persons and property is to require property owners and/or developers to obtain a geotechnical global stability analysis and a storm drain discharge and stormwater management plan for those lots abutting steep slopes on which new construction activity is undertaken, including construction which has not yet commenced at the time of adoption of this Emergency Ordinance without regard to whether any permits relating to such construction have previously been issued; and

**WHEREAS**, the Town Council has further determined that another means of reducing the aforementioned risk to persons and property is to require stormwater from lots abutting steep slopes to flow directly into the Town's stormwater drainage system; and

Section 1.    NOW, THEREFORE, BE IT ORDAINED AND ENACTED BY THE TOWN COUNCIL OF CHESAPEAKE BEACH that Chapter 110, "Building Construction", is amended to add Article IV, "Construction On or Adjacent to Steep Slopes," Section 110-10, "Definitions", to read as follows:

ARTICLE IV.    CONSTRUCTION ON OR ADJACENT TO STEEP SLOPES

§ 100-10.    DEFINITIONS

A.    FOR PURPOSES OF THIS ARTICLE, A "COVERED LOT" IS ANY LOT THAT IS LOCATED ~~ON THE EAST~~

~~SIDE OF B STREET BETWEEN ITS INTERSECTIONS WITH 11TH STREET AND 14TH STREET~~ ON OR ADJACENT TO A STEEP SLOPE AS DEFINED IN CHAPTER 245, ARTICLE II.

Section 2.  BE IT FURTHER ORDAINED AND ENACTED BY THE TOWN COUNCIL OF CHESAPEAKE BEACH that Chapter 110, "Building Construction", Article IV, "Construction On or Adjacent to Steep Slopes," is amended to add Section 110-11, "Global Stability Analysis and Stormwater Management Plan Required", to read as follows:

§ 100-11.  GLOBAL STABILITY ANALYSIS AND STORM DRAIN DISCHARGE AND STORMWATER MANAGEMENT PLAN REQUIRED.

A.  FROM AND AFTER JUNE 1, 2018, IN ADDITION TO ANY ZONING PERMIT REQUIRED BY CHAPTER 290, "ZONING", OF THIS CODE, NO CONSTRUCTION, RECONSTRUCTION, OR DEMOLITION, OF A PRINCIPLE STRUCTURE OR A RETAINING WALL, OR GRADING, FILLING OR OTHER SIMILAR SITE DISTURBANCE OR DEVELOPMENT, OR USE OF LAND THAT REQUIRES A SITE PLAN MAY BE COMMENCED OR CONTINUED ON A COVERED LOT UNTIL THE PROPERTY OWNER OR DEVELOPER HAS OBTAINED AND THE TOWN HAS APPROVED, IN WRITING, A STORM DRAIN DISCHARGE AND STORMWATER MANAGEMENT PLAN AND A GLOBAL STABILITY ANALYSIS FOR THE LOT AND THE SLOPES ADJOINING OR ABUTTING THE PROPERTY TO THE EAST.

B.  THE STORM DRAIN DISCHARGE AND STORMWATER MANAGEMENT PLAN REQUIRED BY SUBSECTION A. OF THIS SECTION SHALL BE PREPARED BY A PROFESSIONAL ENGINEER LICENSED IN MARYLAND.

C.  THE GLOBAL STABILITY ANALYSIS REQUIRED BY SUBSECTION A. OF THIS SECTION SHALL BE PREPARED BY A PROFESSIONAL GEOTECHNICAL ENGINEER AND LICENSED IN MARYLAND AND SHALL

- 3 -

INCLUDE AT LEAST TWO BORINGS, ONE AT THE BASE OF THE SLOPE AND THE OTHER AT THE TOP OF THE SLOPE DOWNGRADE OF THE PROPERTY LOT LINE. A PERMIT TO PERFORM THE BORINGS MUST BE OBTAINED FROM THE TOWN.

D.      THE GLOBAL STABILITY ANALYSIS AND STORMDRAIN DISCHARGE PLAN REQUIRED BY SUBSECTION A. OF THIS SECTION SHALL DEMONSTRATE TO THE SATISFACTION OF THE TOWN ENGINEER AND/OR ANY ADDITIONAL GEOTECHNICAL ENGINEER RETAINED BY THE TOWN THAT THE DRAINAGE FROM THE PROPOSED DEVELOPMENT ON THE LOT WILL NOT CAUSE DESTABILIZATION OF THE LOT AND/OR ADJACENT SLOPE OR CAUSE OR CONTRIBUTE UNREASONABLY TO LANDSLIDES, MUDSLIDES OR SLOUGHING OF THE SLOPE. THE GLOBAL STABILITY ANALYSIS SHALL DEMONSTRATE THAT THE SLOPE WILL EXPERIENCE A FACTOR OF SAFETY (F.S.) OF AT LEAST 1.25, UNLESS IT IS DETERMINED BY THE TOWN THAT A HIGHER FACTOR IS NECESSARY, USING A LIMIT EQUILIBRIUM METHOD AFTER THE IMPROVEMENTS ARE COMPLETED.

E.      NOTHING IN THIS ARTICLE SHALL PREVENT THE ZONING ADMINISTRATOR FROM ALSO REQUIRING APPROVAL BY THE TOWN OF A GEOTECHNICAL GLOBAL ANALYSIS OR A LESSER SLOPE EVALUATION PRIOR TO THE EXPANSION, CONSTRUCTION, RECONSTRUCTION, REPLACEMENT, OR INSTALLATION OF ANY DECK, TERRACE, WALL, FENCE, SHED, WALKWAY, POOL, OR OTHER ACCESSORY STRUCTURE OR SIMILAR FEATURE; STORMDRAIN OR STORMWATER MANAGEMENT FACILITIES; GRADING; THE INITIATION OF ANY ACCESSORY USE; THE REMOVAL OF ANY TREES OR VEGETATION; AND THE PREPARATION OF ANY BUFFER MANAGEMENT PLANS ON ANY COVERED LOT, UPON A FINDING THAT SUCH STRUCTURE, USE OR ACTIVITY MAY POSE A RISK TO PUBLIC HEALTH, SAFETY OR WELFARE.

F.      WHERE, PRIOR TO JUNE 1, 2018, A PERMIT HAS BEEN ISSUED FOR DEMOLITION ON A COVERED

- 4 -

LOT AND WORK UNDER SUCH PERMIT HAS STARTED, THE ZONING ADMINISTRATOR MAY AUTHORIZE THE

REMOVAL OF DEMOLITION DEBRIS AND THE CONTINUATION OF DEMOLITION ACTIVITIES, EXCEPT FOR

THE DEMOLITION OR REMOVAL OF A BUILDING FOUNDATION, WITHOUT THE PREPARATION AND

APPROVAL OF THE STORMWATER DISCHARGE AND/OR STORMWATER MANAMENT PLAN AND

GEOTECHNICAL STUDY REQUIRED BY THIS SECTION, UPON A FINDING BY THE TOWN ENGINEER THAT

SUCH ACTIVITIES POSE NO SIGNIFICANT RISK TO PUBLIC HEALTH, SAFETY OR WELFARE.

G.    INTERIOR RENOVATIONS, SITE SAFETY FENCES, SIGNS, SHALL BE EXEMPTED FROM THESE
REQUIREMENTS.

Section 3.    BE IT FURTHER ORDAINED AND ENACTED BY THE TOWN
COUNCIL OF CHESAPEAKE BEACH that Chapter 110, "Building Construction", Article IV,
"Construction On or Adjacent to Steep Slopes," is amended to add Section 110-12, "Connection to
Sewer System Required", to read as follows:

§ 110-12.   CONNECTION TO TOWN SEWER SYSTEM REQUIRED.

A.    WITHIN SIXTY DAYS OF THE DATE ON WHICH THE TOWN NOTIFIES A PROPERTY OWNER THAT IT
IS PREPARED TO CONNECT A COVERED LOT TO A TOWN SEWER MAIN ~~IN THE B STREET RIGHT OF WAY~~,
THE OWNER OF EVERY COVERED LOT SHALL CAUSE EVERY EXISTING STRUCTURE ON THE LOT TO BE
CONNECTED TO SEWER MAIN OR ALLOW THE TOWN TO CONNECT SUCH STRUCTURE TO THE SEWER
MAIN.

B.    THE TOWN SHALL BEAR THE REASONABLE COST, TO BE DETERMINED BY THE TOWN, OF
CONSTRUCTION OF ANY INFRASTRUCTURE NECESSARY TO CONNECT A STRUCTURE ON A COVERED LOT
THAT HAS A USE AND OCCUPANCY PERMIT ON JULY 1, 2018 AND THAT IS CONNECTED TO AN ALTERNATE

TOWN SEWER MAIN ON THAT DATE TO THE B̶ S̶t̶r̶e̶e̶t̶ SEWER MAIN.

C.      FROM AND AFTER THE DATE ON WHICH A SEWER MAIN I̶N̶ ̶T̶H̶E̶ ̶B̶ ̶S̶T̶R̶E̶E̶T̶ ̶R̶I̶G̶H̶T̶ ̶O̶F̶ ̶W̶A̶Y̶ IS OPERATIONAL, NO USE AND OCCUPANCY PERMIT SHALL BE ISSUED FOR A NEW STRUCTURE REQUIRING A SEWER SYSTEM ON A COVERED LOT UNLESS ALL STRUCTURES UPON THE LOT ARE CONNECTED TO THE B S̶t̶r̶e̶e̶t̶ SEWER MAIN.

Section 4.      BE IT FURTHER ORDAINED AND ENACTED BY THE TOWN COUNCIL OF CHESAPEAKE BEACH that Chapter 110, "Building Construction", is amended to add Article IV, "Construction On or Adjacent to Steep Slopes," Section 110-13, "Connection o Town Stormwater Drainage System", to read as follows:

§ 110-13.   CONNECTION TO TOWN STORMWATER DRAINAGE SYSTEM.

A.      FROM AND AFTER JULY 1, 2018, ALL STORMWATER DISCHARGED FROM A COVERED LOT SHALL FLOW DIRECTLY INTO THE TOWN'S STORMWATER DRAINAGE SYSTEM, IF STORMWATER FACILITIES ARE AVAILABLE ON PUBLIC PROPERTY OR IN A PUBLIC RIGHT OF WAY ABUTTING THE COVERED LOT.

B.      NO PERMIT SHALL BE APPROVED BY THE TOWN FOR ANY CONSTRUCTION, RECONSTRUCTION, DEMOLITION, GRADING, FILLING OR OTHER SIMILAR SITE DISTURBANCE OR DEVELOPMENT, OR USE OF LAND ON A COVERED LOT THAT CAUSES OR CONTRIBUTES TO THE FLOW OF STORMWATER FROM A COVERED LOT OVER, DOWN, UNDER, OR ACROSS AN ABUTTING SLOPE.

Section 5.      BE IT FURTHER ORDAINED AND ENACTED BY THE TOWN COUNCIL OF CHESAPEAKE BEACH that Chapter 110, "Building Construction", is amended to add Article IV, "Construction On or Adjacent to Steep Slopes," Section 110-14, "Maintenance Agreement Required", to read as follows:

§ 110-14. MAINTENANCE AGREEMENT REQUIRED

FROM AND AFTER JUNE 1, 2018, NO CONSTRUCTION, RECONSTRUCTION, OR DEMOLITION, OF A PRINCIPLE STRUCTURE OR A RETAINING WALL, OR GRADING, FILLING OR OTHER SIMILAR SITE DISTURBANCE OR DEVELOPMENT, OR USE OF LAND THAT REQUIRES A SITE PLAN MAY BE COMMENCED OR CONTINUED ON A COVERED LOT UNTIL THE PROPERTY OWNER HAS RECORDED A DECLARATION OF COVENANTS, IN A FORM TO BE DETERMINED BY THE TOWN, WHICH COVENANTS SHALL RUN WITH THE LAND IN PERPETUITY AND CONTAIN PROVISIONS REQUIRING THE PROPERTY OWNER TO ASSUME RESPONSIBILITY AND LIABILITY FOR INSTABILITY TO OR DAMAGE OF THE ABUTTING SLOPES CAUSED BY DEVELOPMENT ON A COVERED LOT OR TO WHICH SUCH DEVELOPMENT CONTRIBUTES, WAIVING AND RELEASING THE TOWN FROM LIABILITY TO DAMAGE TO PERSONS OR PROPERTY ON THE COVERED LOT ARISING FROM OR IN CONNECTION WITH THE INSTABILITY, DETERIORATION, SLOUGHING, OR SLIDING OF THE ABUTTING SLOPES AND HOLDING THE TOWN HARMLESS THEREFROM AND THAT PROHIBIT THE PROPERTY OWNER OR HIS AGENTS, GUESTS OR INVITEES FROM DRAINING WATER OR OTHER SUBSTANCES ACROSS THE SLOPES OR DUMPING ANY TRASH, DEBRIS, YARD WASTE OR OTHER DETRITUS OVER, ACROSS OR DOWN THE SLOPE.

Section 6.  BE IT FURTHER ORDAINED AND ENACTED BY THE TOWN COUNCIL OF CHESAPEAKE BEACH that Chapter 110, "Building Construction", is amended to add Article IV, "Construction On or Adjacent to Steep Slopes," Section 110-14, "Violations and Penalties", to read as follows:

§ 110-14. VIOLATIONS AND PENALTIES

A.    A VIOLATION OF ANY PROVISION OR REQUIREMENT OF THIS ARTICLE SHALL CONSTITUTE A

MUNICIPAL INFRACTION AND SHALL BE PUNISHABLE BY A FINE OF $500 PER OCCURRENCE. EACH DAY A VIOLATION EXISTS SHALL CONSTITUTE A SEPARATE OFFENSE.

B.      IN ADDITION TO THE REMEDIES AND PENALTIES PROVIDED IN SUBSECTION A. OF THIS SECTION, THE TOWN SHALL HAVE THE RIGHT TO INSTITUTE INJUNCTIVE, MANDAMUS OR ANY OTHER APPROPRIATE ACTION OR PROCEEDINGS AT LAW OR EQUITY FOR ENFORCEMENT OF THIS CHAPTER OR TO CORRECT VIOLATIONS OF THIS ARTICLE, AND ANY COURT OF COMPETENT JURISDICTION SHALL HAVE THE RIGHT TO ISSUE RESTRAINING ORDERS, TEMPORARY OR PERMANENT INJUNCTIONS OR MANDAMUS OR OTHER APPROPRIATE FORM OF REMEDY OR RELIEF.

Section 7.      BE IT FURTHER ORDAINED that Sections 2 and 5 of this Ordinance shall be applied from and after the date of adoption and shall apply, whether or not deemed to be retroactive, to any construction in the Town for which a Zoning Permit and a Use and Occupancy Permit has not been issued as of the date of adoption hereof and that Sections 3 and 4 of this Ordinance shall be applies from and after ~~August~~ July 1, 2018 to every structure without regard to the date of construction thereof.

AS CERTIFIED by their signatures below, the members of the Town Council affirm this Ordinance was introduced at the Town Council meeting held on the 21st day of June, 2018. A public hearing was conducted on July 5, 2018 and a vote was taken in accordance with Section C 309 of the *includes Mayor's vote to break tie* Town Charter. The vote of the Council was tallied and __4__ votes of approval and __3__ votes of disapproval were cast. The resulting majority of the Council approved the passage of this Ordinance this __5th__ day of July, 2018, to become effective on the __26th__ day of July, 2018.

CHESAPEAKE BEACH, MARYLAND

Patrick J. Mahoney, Mayor

Valerie L. Beaudin, Councilwoman

Stewart B. Cumbo, Councilman

Derek Favret, Councilman

Greg Morris, Councilman

Lawrence P. Jaworski, Councilman

Keith L. Pardieck, Councilman

- 9 -